FRANK L. TWITTY et al., Doing Business under the Name of TWITTY BROS., Plaintiffs, *v.* CHELTON ESTATES, LTD., Defendant.

Supreme Court, Special Term, New York County, May 19, 1948.

*Paul R. Shaw* for defendant.

*Begun Brothers* for plaintiffs.

PECORA, J. Plaintiffs move for a temporary injunction to restrain the defendant, as landlord, from taking any further steps to evict plaintiffs as tenants of certain premises, pending the determination of this action for a declaratory judgment. In the declaratory judgment action plaintiffs seek an adjudication that the construction and maintenance by plaintiffs of a platform, pipe and rest room in the demised premises, without the consent of the landlord, are not violations of any substantial provision of the lease between the parties. However, the summary proceeding heretofore commenced by the landlord, is predicated upon the claim that the plaintiffs' action in making the

alterations described without the landlord's consent, constitutes violation of substantial terms of the lease. Plaintiffs thus have an adequate remedy at law by interposing as an answer on the summary proceedings their contention that they had a right to make the alterations. The acts complained of have already occurred. The only effect of a declaratory judgment in this case would be to determine whether plaintiffs had a valid defense to the summary proceedings. Since plaintiffs have an adequate remedy in the summary proceedings the motion for an injunction is denied and the cross motion to dismiss the complaint is granted. Settle order.