(December 24, 1970)

150 EAST 57TH ST. ASSOCIATES, Appellant, v. MARGARET A. FLETCHER, Respondent. 150 EAST 58TH ST. ASSOCIATES, Appellant, v. MARGARET A. FLETCHER et al., Respondents.

*Per Curiam.* In this action for declaratory judgment by plaintiff-appellant ground-lessee against its lessor, defendant-respondent Fletcher, plaintiff appeals from Special Term's denial of its application for a temporary injunction against the running of a period, afforded by the lease, within which claimed defaults by the lessee thereunder might be cured before ouster of the lessee. Special

Term denied the application, relegating plaintiff to interposition in the summary proceeding expected to follow the running of the period without cure, of defenses based upon the claimed invalidity of the notice of default. A collateral appeal is taken from similar denial of injunction against foreclosure by defendant-respondent Williamsburgh Savings Bank of a leasehold mortgage based upon the lessor's notice to the mortgagor of the lessee's uncured default. There are present not inconsiderable possibilities of irreparable harm: the ground lease, with options, may run for upwards of one hundred years, and the leasehold mortgage is for more than ten million dollars.

The predecessors of plaintiff ground-lessee and of defendant ground-lessor Fletcher entered into the subject lease in 1965, the demise requiring construction of a modern office building on the Manhattan site. Defendant Fletcher acquired title in the last days of 1969. The building was apparently substantially completed and 90% tenant-occupied under a temporary certificate of occupancy issued in mid-1969; granting of a permanent certificate, we are told, hinged only upon completion of discussions concerning modifications required by the other ten percent of tenants. At this juncture, plaintiff evinced an intention to unite the subject building at three floor levels, by means of passageways through the walls between, with a contiguous building owned by plaintiff, and the walls were left uncompleted at the places of projected union. Fearful of the possibilities of resultant creation of an easement, defendant lessor proceeded with steps, eventually successful, to procure a permanent injunction against union of the buildings. Plaintiff lessee states. its willingness to abide by that injunction, has ceased to carry out its intention to unite the buildings, and will set about closing fully the openings in the walls between them. Be that as it may, plaintiff's expression in respect of that injunction, granted October 19, 1970, has not extended to acceptance of characterization as a default under the lease of its unfulfilled intention to unite the buildings; indeed, plaintiff claims that the lessor's choice of the remedy of injunction constitutes actual abandonment of any claim of default flowing from the projected but uncompleted union. In any event, meanwhile on June 10, 1970, defendant served upon plaintiff a four-part notice of default, lacking in specificity except as it may be interpreted to apply to the frustrated intention to bring about union of the two buildings.

Plaintiff argues that it is not possible under such a notice to proceed effectively, even as to timeliness, to cure any default within the period fixed by the lease for that purpose. Hence this suit for declaratory judgment, which, we hold, raises justiciable questions worthy of consideration by the court, among others being validity, clarity, and specificity of the notice of default, as well as the effect thereon of defendant's election to proceed by injunction to cure any default eventuating from the aborted union of the buildings. Special Term held that these questions could be resolved by interposition of appropriate defenses in a summary proceeding based upon uncured defaults, and cited as authority *Twitty* v. *Chelton Estates* (192 Misc. 951). The citation appears inapropos for there is no showing to be found there of provisions for notice of default and possibility of cure thereof. By this decision, Special Term greatly oversimplified the problem posed for plaintiff for, while the Supreme Court may toll the running of the period limited for cure of defaults should default actually be found to have existed, in order to provide opportunity to effect a cure, the Civil Court may not do so (see *First Nat. Stores* v. *Yellowstone Shopping Center*, 21 N Y 2d 630), and plaintiff may, as a result, be left completely without a remedy. It follows, therefore, that plaintiff is entitled to a temporary injunction to the extent

provided by way of stay in the order to show cause which was vacated by Special Term and reinstated, pending this appeal, on motion here. Plaintiff obviously may be irreparably harmed by denial of this relief, whereas defendant will not encouter any such difficulty.

In holding that there is a justiciable controversy we do not pass on the merits thereof, nor do we intend to deprive defendant of any right to proceed as she may be advised as to any defaults under the lease which may be claimed to have occurred subsequent to those recited in the June 10, 1970 notice.

The collateral appeal involves refusal of Special Term to enjoin defendant bank from proceeding to effect foreclosure of the leasehold mortgage, as it must, pursuant to the lease, within a limited period following notice of the claimed default by the lessor. The possible alternative would be to render the mortgage worthless. It follows from our holding in the lessor-lessee controversy that the running of this period must also be tolled to avoid irreparable harm, and this will be accomplished similarly by temporary injunction to that end, the terms of which should be in accordance with the stipulation of the parties approved by this court on October 15, 1970.

The issues presented require early resolution and it is therefore directed that the order to be entered hereon shall provide for a preference of the cause and for completion of all pretrial procedures no later than the end of the January 1971 Term, and that plaintiff take appropriate steps, inclusive of payment of necessary fees, to have the cause placed at the head of the day calendar for the opening day of the February 1971 Term.

Accordingly, the order of Special Term entered August 14, 1970, denying the motion of plaintiff-appellant for a temporary injunction against defendant-respondent Fletcher and vacating the temporary stay contained in the order to show cause of July 18, 1970, should be reversed, on the law, and in the exercise of discretion and the motion for temporary injunction granted, with costs to plaintiff-appellant against defendant-respondent Fletcher, and the order of Special Term entered October 13, 1970, denying the motion of plaintiff-appellant for a temporary injunction against defendant-respondent Williamsburgh Savings Bank, should be reversed, on the law, and in the exercise of discretion, and the motion for temporary injunction granted, together with a preference for trial, without costs. Settle order.

Stevens, P. J., Eager, Markewich and Nunez, JJ., concur.

Order, Supreme Court, New York County, entered on August 14, 1970, unanimously reversed, on the law, and in the exercise of discretion, and the motion for temporary injunction granted. Plaintiff-appellant shall recover of defendant-respondent $30 costs and disbursements of this appeal. Settle order on notice.

Order, Supreme Court, New York County, entered on October 13, 1970, unanimously reversed, on the law and in the exercise of discretion, and the motion for temporary injunction granted, together with a preference for trial, without costs and without disbursements. Settle order on notice.