■ WIENERWALD 8TH STREET, INC., Appellant, v. THIRD BREVOORT COR-PORATION et al., Respondents, and ONE EAST 8TH ST. CORP., Appellant.— Order and judgment (one paper), Supreme Court, New York County, entered on August 5, 1971, granting defendant Third Brevoort Corporation summary judgment, unanimously reversed, on the law, and vacated, and summary judg-ment granted to appellants, declaring Third Brevoort Corporation's notice of default and One East 8th St. Corp.'s notice of default to have been complied with, and they are permanently enjoined from termination of the leases under such default notices, and the leases are adjudged in full effect. Appellants Wienerwald 8th Street, Inc., and One East 8th St. Corp. shall recover of defendant-respondent The Third Brevoort Corporation one bill of $50 costs and disbursements of this appeal. The subject matter of the controversy set forth in the notices of default, dated December 7, 1970 and December 11, 1970, specified violation 4220-70 (double doors) as the item of default under the leases and not the consent judgment between Wienerwald and Third Brevoort. The subsequent order entered March 2, 1971, denying the motion for a tempo-rary injunction, extended the stay and prevented the defendants from pro-ceeding under their respective notices of default, and the tolling for 30 days. By March 26, well within the 30-day period, the violation was complied with and this motion for summary judgment was brought. The record is clear that Wienerwald took immediate action to comply with the notices of December 7 and December 11, and pending the construction, stays and tolling were granted by the court. The work was timely completed. Wienerwald followed the pro-cedure outlined in *First Nat. Stores* v. *Yellowstone Shopping Center* (21 N Y 2d 630) and *150 East 57th St. Assoc.* v. *Fletcher* (35 A D 2d 947) to test the legality and propriety of a landlord's notice of default under a lease, and of its intention to terminate if there was no compliance. Concur — Capozzoli, J. P., McGivern, Murphy, Steuer and Eager, JJ.

■ JAMES FARLEKAS, Appellant, v. VINCENT DI NAPOLI et al., Defendants, and J. MACNABNEY REALTY CORP., Respondent.— Order, Supreme Court, Bronx County, entered June 29, 1970, unanimously reversed, on the law, and plain-tiff's motion to strike the answer of defendant J. MacNabney Realty Corp. granted with costs, and that the appeal from order of said court, entered on August 31, 1971, unanimously dismissed as academic. Appellant shall recover of respondent one bill of $30 costs and disbursements of this appeal. In this action to foreclose a second mortgage, the documentary evidence and other proof submitted by plaintiff factually establish a prima facie case. The denials of defendant, a third mortgagee, are unsupported and appear to be sham. Defendants' opposition to plaintiff's motion is grounded specifically on the claim that the plaintiff's note and mortgage are usurious. But the defense of usury is not pleaded and, in any event, it lacks merit. The note and mortgage recite and it satisfactorily appears that, in addition to securing a sum cur-rently advanced, the mortgage was executed and delivered as further security for a bona fide existing indebtedness represented by another note and mortgage. Concur — Capozzoli, J. P., McGivern, Murphy, Steuer and Eager, JJ.