■ MADISON AVENUE SPECIALTIES INC., Appellant, v. SEVILLE ENTER-PRISES, INC., Respondent. — Order, Supreme Court, New York County, entered on July 17, 1972, denying temporary injunction, unanimously reversed, on the law and in the exercise of discretion, and the injunction granted. Appellant shall recover of respondent $40 costs and disbursements of this appeal. Plain-tiff corporation is a tenant of commercial space in defendant's building located at 94 Madison Avenue in this city. By extension of the original term the lease runs to 1984. The lease, originally entered into by an individual tenant, was assigned pursuant to its terms to a corporation, the present tenant. The lease contained a covenant that the tenant could not "sublet or sell without the approval of the Landlord." In March, 1972 the two stockholders of the tenant corporation sold their shares to one Hilaris. In May, 1972 defendant, claiming this transaction was a sale of the business or the lease, served a notice of termination. Plaintiff instituted this action for a declaratory judgment adju-dicating its rights under the lease. For the reason below stated we are not here concerned with the effect of the stock sale on plaintiff's status as a tenant. Plaintiff sought a temporary injunction to prevent defendant from taking evic-tion proceedings pursuant to its notice of termination until the termination of

the declaratory judgment action. Special Term refused to grant the temporary injunction on the ground that if, in law, there was no assignment, sale or subletting, that would constitute a defense to an eviction proceeding and that the Civil Court had jurisdiction to entertain and pass on that defense. If that were all there was to it, we would agree. However, we find that the proposition is oversimplified (see *150 East 57th St. Assoc.* v. *Fletcher*, 35 A D 2d 947). Even assuming that the sale of plaintiff's stock did constitute a breach of the lease (a proposition which, we emphasize, we are not deciding), there may be equitable considerations which would forbid forfeiture as the remedy. Where such elements are present the injunction is appropriate (*First Nat. Stores* v. *Yellowstone Shopping Center*, 21 N Y 2d 630). Otherwise the lease will be terminated. Where the Supreme Court could fashion the proper remedy but the Civil Court lacks jurisdiction to do so, injunction should issue. Settle order on notice. Concur — McGivern, J. P., Nunez, Steuer, Tilzer and Capozzoli, JJ.