Per Curiam.

Appellant, as landlord, received rent of respondent with the knowledge that the latter, permitting the apartment to be co-occupied by another, was in breach of a covenant of the lease. The lease contained a clause stating that the landlord could not be deemed to have waived any rights regarding a breach of the lease by merely receiving rent with knowledge of the breach.
A "no waiver” clause of this character does not apply to a claim of waiver by open possession. Despite such a provision in a lease, the acceptance of rent with knowledge of a subletting constitutes a waiver of the right to terminate the tenancy for breach of the condition against such subletting (Woollard v Schaffer Stores Co., 272 NY 304; Condit v Manischewitz, 220 App Div 366; Borsella v Torres, NYLJ, April 22, 1974, p 2, col 1; 215 West 34th St. v Feldman, 105 NYS2d 209; Rasch, New York Landlord & Tenant [2d ed], § 738).
Final judgment, entered June 10, 1975 (Riley, H. O.), affirmed with $25 costs.
Concur — Fine, P. J., Frank and Hughes, JJ.