■ HAROLD W. KURTZ et al., Appellants, v ABRAHAM ZION et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered October 11, 1977, denying plaintiffs' motion for a preliminary injunction and related relief, is unanimously reversed, on the law and the facts, and in the exercise of discretion, with $40 costs and disbursements of this appeal to appellants, and the motion for preliminary injunction is granted to the extent of enjoining defendants during the pendency of this action or until further order of the court from making any transfer (by delivery or otherwise) of any of plaintiff Kurtz' shares of class B stock of the Lombard-

Wall Group Incorporated held in escrow by Tenzer, Greenblatt, Fallon & Kaplan based on the alleged default in payment of attorneys' fees totaling $24,518.79 referred to in the complaint (or $20,817.69 referred to in defendant's first amended answer); and the running of the periods of time during which plaintiffs, or any one of them, are entitled to cure such alleged default under the agreements between the parties, is hereby stayed and tolled during the pendency of this action or until further order of the court. Plaintiffs have shown a meritorious and substantial claim that the alleged default in payment of attorneys' fees does not trigger the enforcement of the escrow security provisions. The escrowed stock represents control of a close corporation and damages would thus not appear to be an adequate remedy for an improper transfer. Balancing the equities, it appears that the damage to plaintiffs from denial of the preliminary injunction and delivery of the stock out of escrow to defendants Zion or Half Moon would cause substantially greater harm to plaintiffs if they are ultimately proved right in this action, than the harm that would be caused to said defendants by the granting of the preliminary injunction if the defendants are ultimately proved right. In the interest of maintaining the *status quo,* the court exercises its power to stay the running of the grace periods. *(First Nat. Stores v Yellowstone Shopping Center,* 21 NY2d 630, 637.) The court will receive suggestions of the parties as to the amount of the bond to be furnished by plaintiffs on the settlement of the order hereon. Settle order on notice. Concur—Kupferman, J. P., Birns, Silverman, Fein and Markewich, JJ.