■ UTE G. WUERTZ, Appellant, v LESLIE M. COWNE, Respondent.—Order, Supreme Court, New York County, entered April 14, 1978, in this declaratory judgment action, denying plaintiff tenant's motion for a preliminary injunction restraining defendant landlord from taking any action to terminate a certain lease, unanimously reversed, on the law and the facts, without costs or disbursements, and the plaintiff tenant's motion granted on condition that she post an undertaking in the amount of $100. Plaintiff has been a tenant in defendant's building under the present written lease since October 1, 1975. According to the lease: plaintiff may not keep a dog in her apartment without defendant's written consent; all waivers of lease covenants must be in writing; defendant's failure to insist on strict performance may not be deemed a waiver. Throughout her tenancy plaintiff has had a dog, openly and with full knowledge by defendant. However, when plaintiff objected to defendant's application for a rent increase, defendant began to complain of the dog's presence and, for that reason, in February, 1978 sent plaintiff a notice of termination of the lease effective April 1, 1978. Plaintiff then commenced this action for a declaratory judgment and made the instant motion for a preliminary injunction. Plaintiff has pursued the procedure indorsed by the Court of Appeals in *First Nat. Stores v Yellowstone Shopping Center* (21 NY2d 630) to test the propriety of a landlord's notice of default and termination of the lease, a procedure necessary to toll the running of any period within which to cure the default. Otherwise, should a default be found to have existed, a tenant in plaintiff's position would be left without a remedy in a summary proceeding to evict, the time for cure having passed *(150 East 57th St. Assoc. v Fletcher,* 35 AD2d 947; *Madison Ave. Specialties v Seville Enterprises,* 40 AD2d 784). The equitable relief of tolling the period within which to cure a default cannot be invoked when there is no basis in the lease or the actions of the parties upon which to grant a right to cure *(First Nat. Stores v Yellowstone Shopping Center, supra).* The lease here does not provide for a curing period. The parties themselves, however, viewed the period between the issuance of the landlord's notice and the date of its effect as a time within which the plaintiff could have cured any default. The plaintiff's moving papers sought an

opportunity to cure in the event of an adverse decision in the declaratory judgment action. The defendant, in its responding papers, mistakenly thought that plaintiff had not asked for a right to cure, but conceded that she could have asked for such a right and opined that she did not only because she did not intend to get rid of her dog under any circumstances. (Defendant also sent plaintiff a specific 10-day notice to cure dated April 7, 1978 which was not before Special Term and came before this court only on plaintiff-appellant's motion to stay the order below.) We conclude that, the parties having recognized plaintiff's right to cure any default, Special Term erred when it relegated the issues raised to "a more appropriate forum". Settle order. Concur—Evans, J. P., Fein, Lane, Lynch and Sandler, JJ.