▉ HEALTH N SPORTS, INC., et al., Appellants, v PROVIDENCE CAPITOL REALTY GROUP, INC. (a Gulf & Western Company), Respondent.—In an action for a declaratory judgment, permanent injunction and damages arising out of a commercial lease, plaintiffs appeal from so much of an order of the Supreme Court, Nassau County, dated January 18, 1980, as denied their motion for a preliminary injunction. Order affirmed insofar as appealed from, without costs or disbursements. Plaintiffs, tenants under a long-term commercial lease, seek a preliminary injunction tolling a 10-day termination notice served upon them by their landlord, which notice alleged a number of defaults under the lease (cf. *First Nat. Stores v Yellowstone Shopping Center,* 21 NY2d 630). In order to preserve the right to cure a default under the lease by a declaratory judgment action, the tenant must obtain a stay of the period within which the default may be cured (see *First Nat. Stores v Yellowstone Shopping Center, supra,* p 637; *Wuertz v Cowne,* 65 AD2d 528). Plaintiffs failed to obtain a stay of the curative period (within 15 days of a notice of default), but instead secured a stay of the period

between the notice of termination and its expiration date. As such, the plaintiffs' stay was procured after the landlord had acted to terminate the lease in accordance with its terms. While the termination notice provides for a 10-day period before the lease expires, the period is not one within which the tenant could cure the defaults. The failure of the plaintiffs to toll the curative period under the lease divested the court of its power to grant such a temporary stay (see *First Nat. Stores v Yellowstone Shopping Center, supra; Wuertz v Cowne, supra; Westside Towers v Hevro Realty Corp.*, 40 AD2d 664; *Wienerwald 8th St. v Third Brevoort Corp.*, 38 AD2d 525; *150 East 57th St. Assoc. v Fletcher*, 35 AD2d 947; but see *Madison Ave. Specialties v Seville Enterprises*, 40 AD2d 784; *Lewis v Clothes Shack*, 67 Misc 2d 621). We do not reach the substantive issues raised by the plaintiffs, including the question of whether the defendant has waived the alleged defaults or breaches under the lease (cf. *Malloy v Club Marakesh*, 71 AD2d 614; *Condit v Manischewitz*, 220 App Div 366; *Sagson Co. v Weiss*, 83 Misc 2d 806; *Trent v Corwin*, 76 NYS2d 198; Rasch, New York Landlord & Tenant [2d ed], § 738; 3A Corbin, Contracts, § 763). "Whenever two men contract, no limitation self-imposed can destroy their power to contract again" *(Beatty v Guggenheim Exploration Co.*, 225 NY 380, 388; see, also, *Rose v Spa Realty Assoc.*, 42 NY2d 338, 343). All of these matters may be resolved at a trial. Hopkins, J. P., Lazer, Margett and O'Connor, JJ., concur.