■ NOEL NUNEZ et al., Respondents, v 164 PROSPECT PARK WEST CORP. et al., Appellants. — In an action arising out of a residential lease for a declaratory judgment, permanent injunction, and damages, defendants appeal as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hirsch, J.), dated February 4, 1982, as denied their cross motion to dismiss the complaint and granted a preliminary injunction. Order modified, so as to delete the provision thereof granting plaintiffs a preliminary injunction. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The plaintiffs are tenants in a building owned by the defendants. This action was commenced, *inter alia,* to enjoin the termination by the defendant landlords of plaintiffs' tenancy in a residential apartment. On or about December 10, 1981, the landlords caused a notice to cure to be sent to the plaintiffs which asserted that they had been violating a substantial obligation of their tenancy by using the apartment for commercial purposes as a child care center and which threatened the commencement of a summary proceeding if a cure was not effected during the period set forth in the notice. Special Term granted a preliminary injunction tolling the curative period. At one time, a residential tenant was entitled to obtain a stay of a notice to cure from the Supreme Court until a declaration of the parties' rights could be obtained (*Podolsky v Hoffman,* 82 AD2d 763; *Wuertz v Cowne,* 65 AD2d 528). Such stays prevented forfeiture in the event of a finding that the tenant had breached the lease (*Wuertz v Cowne, supra*). However, a recent amendment to RPAPL 753 (L 1982, ch 870, § 2, eff July 29, 1982, adding a new subd 4), in effect, provides that in a summary proceeding to recover possession of residential premises in the City of New York, based upon a claim that the tenant has breached a provision of the lease, the Civil Court must issue a 10-day stay of the warrant of eviction, during which time the tenant may cure the breach. While the

amendment does not divest the Supreme Court of jurisdiction, it has eliminated the need for a separate injunction action in that court, since even if the landlord succeeds in a summary proceeding, the tenant still has a 10-day period to cure the breach (*Wilen v Harridge House Assoc.,* 116 Misc 2d 724). Therefore, the instant plaintiffs cannot demonstrate that they would suffer irreparable injury absent granting the preliminary injunction (see *Grant Co. v Srogi,* 52 NY2d 496, 517; *Albini v Solork Assoc.,* 37 AD2d 835). The amendment creates no retroactivity problem here because any summary proceeding based on the instant notice to cure would necessarily be commenced after the effective date of the amendment. In any event, the statute is remedial and is applicable to procedural steps in pending actions (see *Matter of Mlodozeniec v Worthington Corp.,* 9 AD2d 21, affd 8 NY2d 918). Thus, a preliminary injunction should not have been issued. Defendants also protest the denial of their cross motion to dismiss the complaint, arguing that the cause of action asserting harassment is barred by collateral estoppel, since a prior harassment action was withdrawn by stipulation, with prejudice. Although the stipulation was equivalent to a judgment on the merits (cf. CPLR 3217, subd [c]), the defendants have failed to demonstrate "an identity of issue which has necessarily been decided in the prior action and is decisive of the present action" (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). Although the underlying basis for the plaintiffs' first harassment claim was the institution of certain nonpayment proceedings by the landlords, the instant claim instead involves the subsequent dispatch of the notice to cure relative to the baby-sitting situation. The disposition of the first action therefore does not preclude institution of the present one which is based on subsequent events (see Restatement, Judgments 2d, § 24, comment *f*). Special Term properly denied the cross motion to dismiss. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.