■ MARC KLAUSNER, Respondent, v DORA FRANK, Appellant. — Order entered October 25, 1982, Supreme Court, New York County (Grossman, J.), granting plaintiff's motion for a preliminary injunction and denying defendant's motion to modify a previously granted ex parte restraining order, unanimously reversed, on the law and the facts, the motion for an injunction is denied and the cross motion to modify the temporary restraining order is dismissed as moot, all without costs. Plaintiff-respondent is a tenant in appellant landlord's mid-Manhattan brownstone and has had a lease for apartment 3-A since at least October 1, 1980. In the spring of 1982 appellant informed respondent that four "improvements" which he had made to his apartment were violations of the lease, and the landlord served respondent with several notices to cure within 10 days. The parties agreed, by stipulation, to extend the cure period until July 4, 1982. Because this was a holiday, under sections 24 and 25-a of the General Construction Law, the time was extended to July 6, 1982. The four violations refer to a mixing faucet attached to the separate hot and cold spigot in the bathroom, a new "shower massage" apparatus, certain wood paneling and wooden bookcases allegedly affixed to the walls of the apartment, and also, a general complaint about the tenant's manner of disposing of paper towels in the toilet (allegedly causing overflows which leaked through to the apartment below). In any event, on July 6, 1982 the tenant brought on a plenary action by service of a summons and presentation of an order to show cause seeking a temporary restraining order to toll the notice to cure in any dispossess proceeding the landlord might institute,

pending determination of a declaratory judgment action as to whether or not the tenant was, indeed, in violation of the lease. Under *First Nat. Stores v Yellowstone Shopping Center* (21 NY2d 630), such a preliminary injunction would allow the tenant time within which to cure the breach should the court's determination on the declaratory action prove unfavorable to him. For over a decade, *Yellowstone* injunctions have been routinely granted to maintain the *status quo* so that the parties could obtain judicial resolution of their dispute. (*Kurtz v Zion,* 61 AD2d 778; *Madison Ave. Specialties v Seville Enterprises,* 40 AD2d 784; *150 East 577 St. Assoc. v Fletcher,* 35 AD2d 947.) This is especially true in residential landlord-tenant cases where the harsh consequence of eviction would otherwise severely discourage tenants from making a good-faith challenge to a notice of default. (*Podolsky v Hoffman,* 82 AD2d 763; cf. *Wuertz v Cowne,* 65 AD2d 528.) Recently, however, the Legislature amended RPAPL 753 by adding a new subdivision 4, such that when a Civil Court summary holdover proceeding "is based upon a claim that the tenant or lessee has breached a provision of the lease, the court *shall grant* a ten day stay of issuance of the warrant [of eviction], during which time the respondent may correct such breach." (RPAPL 753, subd 4; emphasis added.) Although plaintiff brought this action on July 6, 1982, and the above amendment to the RPAPL was not effective until July 29, 1982, this procedural change in the law is remedial and should "be liberally construed to spread [its] beneficial results as widely as possible" (McKinney's Cons Laws of NY, Book 1, Statutes, § 54, pp 108-109). In any event, in a dispossess proceeding subsequent to the effective date the Civil Court would certainly be bound to follow the new procedure. (McKinney's Cons Laws of NY, Book 1, Statutes, § 55, p 115.) Thus, there was no need for the court to grant the injunction since this tenant was protected by statute from irreparable harm in the assertion of his rights. We further note that at least on the facts of this case the tenant no longer needs to maintain a declaratory judgment action in Supreme Court since he may assert all of his claims by way of equitable defenses to any summary proceeding in Civil Court, and he has not asserted that that forum is without jurisdiction or power to fashion the appropriate relief. (*Podolsky v Hoffman,* 82 AD2d, at pp 763-764; *First Nat. Stores v Yellowstone Shopping Center,* 21 NY2d, at p 635; *Lun Far Co. v Aylesbury Assoc.,* 40 AD2d 794.) Of course, this is not to say that there may not arise situations in which a *Yellowstone* injunction would properly be sought by a tenant. The temporary, ex parte, restraining order having expired of its own force, defendant's cross motion to amend is dismissed as moot. Concur — Ross, J. P., Carro, Silverman, Bloom and Milonas, JJ.