■ TSS-SEEDMAN'S INC., Appellant, v ELOTA REALTY COMPANY, Respondent. (Action No. 1.) TSS-SEEDMAN'S INC., Appellant, v ELOTA REALTY COMPANY, Respondent. (Action No. 2.)— In two separate actions for judgments declaring the rights of

the parties with respect to two separate leases, the plaintiff appeals, (1) from an order of the Supreme Court, Nassau County (Kutner, J.), entered January 9, 1987, which denied its motion, *inter alia,* for a preliminary injunction enjoining the defendant from taking any action to declare the plaintiff in breach of the parties' lease of the premises located at 1000 West Montauk Highway, Babylon, New York, granted the defendant's cross motion for summary judgment dismissing the complaint in action No. 1, and declared, *inter alia,* that the defendant had the right to terminate the lease, (2) from an order of the same court, entered January 9, 1987, which denied its motion, *inter alia,* for a preliminary injunction enjoining the defendant from taking any action to declare the plaintiff in breach of the parties' lease of the premises located at 2750 Linden Boulevard, Brooklyn, New York, granted the defendant's cross motion for summary judgment dismissing the complaint in action No. 2, and declared, *inter alia,* that the defendant had the right to terminate the lease, and (3) from an order of the same court, entered January 27, 1987, which denied its motion for reargument.

Ordered that the appeal from the order entered January 27, 1987 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered January 9, 1987 in action No. 1 is reversed, on the law, the motion is granted, and the cross motion is denied, and the defendant is hereby enjoined from taking any action to declare the plaintiff in breach of the parties' lease of the premises located at 1000 West Montauk Highway, Babylon, New York; and it is further,

Ordered that the order entered January 9, 1987 in action No. 2 is reversed, on the law, the motion is granted, the cross motion is denied, and the defendant is hereby enjoined from taking any action to declare the plaintiff in breach of the parties' lease of the premises located at 2750 Linden Boulevard, Brooklyn, New York; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

We conclude that the plaintiff's motions for *Yellowstone* injunctions *(see, First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630, *rearg denied* 22 NY2d 827) were improperly denied inasmuch as the evidence demonstrated the existence of a right to cure arising from the conduct of the parties, and the plaintiff exercised its right prior to the service of the termination notices *(see, Times Sq. Stores Corp. v Bernice Realty Co.,* 107 AD2d 677, 680; *Mann Theatres Corp. v*

*Mid-Island Shopping Plaza Co.,* 94 AD2d 466, 475-476, *affd* 62 NY2d 930; *Wuertz v Cowne,* 65 AD2d 528). With respect to the Babylon lease, we note that the defendant, with knowledge of the default, elected to continue the lease and accept the plaintiff's rental payments for over two years rather than terminate the agreement *(cf., Atkin's Waste Materials v May,* 34 NY2d 422). We further observe, with respect to the Brooklyn lease, that the parties engaged in extensive settlement negotiations regarding the rental payments due during the renewal term of the lease, during which time the defendant elected to maintain the lease despite the plaintiff's continuing defaults *(cf., Zuckerman v 33072 Owners Corp.,* 97 AD2d 736, 738). We find such conduct to be indicative of a recognition on the part of both parties that the plaintiff had a right to cure any default, so that the plaintiff's entitlement to the requested injunctions was duly established *(see, Times Sq. Stores Corp. v Bernice Realty Co., supra; Wuertz v Cowne, supra).* Moreover, since the plaintiff actually cured the subject defaults prior to the service of the termination notices, the notices were ineffective, and the defendant was not entitled to summary judgment in either action. Mangano, J. P., Weinstein, Kooper and Harwood, JJ., concur.