■ Barrie Novak, Respondent, v Fischbein, Olivieri Rozen-

HOLC & BADILLO et al., Appellants.—Order of the Supreme Court, New York County (Jacqueline Silbermann, J.), entered on April 20, 1988, which granted summary judgment dismissing plaintiff's second and third causes of action and denied summary judgment dismissing the first cause of action, unanimously reversed to the extent appealed from as limited by the appellants' brief, on the law, with costs, to the extent of granting defendants summary judgment dismissing the first cause of action.

The first cause of action in plaintiff's complaint for legal malpractice alleges that she was caused to expend "tens of thousands of dollars in legal fees" as the result of defendants' failure to obtain a temporary injunction in Supreme Court tolling the running of the period to cure a violation of her lease (termed a *Yellowstone* injunction, after *First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630). Plaintiff had been named the respondent in a series of holdover proceedings instituted by the landlord, 215 Management Company, seeking to recover possession of her rent-stabilized apartment on the grounds that her use of the premises was in violation of her lease dated November 20, 1978. (No copy of this lease is included in the record.) Specifically, the notice to cure states that plaintiff erected or permitted to be erected wooden fences, decking, and planters and installed or permitted to be installed a dead-bolt lock on the fire stair. As a consequence of these conditions, the landlord was cited for violations of the Housing Maintenance Code by the Department of Housing Preservation and Development.

The first petition, brought in July 1981, was dismissed for lack of proper service. Following the commencement of a second proceeding in 1982, defendants sought a *Yellowstone* injunction in Supreme Court to stay operation of the requirement, contained in the notice to cure, that the hazardous condition be removed within 10 days or plaintiff's lease would be declared terminated. The landlord resisted this application on the ground that it had not been properly served with notice of the proceeding. A traverse hearing was held on May 13, 1982 before a Referee who, in a report dated July 28, 1982, recommended that the application be denied for lack of in personam jurisdiction. This Referee's report was confirmed by the court (Leonforte, J.) in an order entered December 10, 1982.

In the interim, the Legislature enacted subdivision (4) of RPAPL 753 (eff July 29, 1982) which provides that, in any summary proceeding based upon the tenant's breach of

the lease, "the court shall grant a ten day stay of issuance of the warrant, during which time the respondent may correct such breach." This provision has been held to be procedural and remedial in nature and therefore applicable to cases pending at the time of its enactment *(Post v 120 E. End Ave. Corp.,* 62 NY2d 19). Defendants maintain that since plaintiff could obtain complete relief in Civil Court pursuant to the new statutory provision, the failure to obtain the *Yellowstone* injunction did not prejudice plaintiff in any way.

The Supreme Court, however, declined to grant the motion to dismiss as to this cause of action, drawing a distinction between the consequences of the statutory stay and those of the *Yellowstone* injunction. As noted by the Court of Appeals in *Post v 120 E. End Ave. Corp. (supra,* at 26), the "*Yellowstone* injunction prevents expiration of the lease by tolling the running of the cure period, a necessary precondition to terminating the lease; the statute does not do so by its terms. Thus before Civil Court can acquire jurisdiction the lease has expired and, under the ruling of *Yellowstone,* it cannot be revived". Therefore, Supreme Court concluded, "the permanent injunction eventually issued * * * hangs like a sword of Damocles over the head of plaintiff, here, ready to drop should she unknowingly make use of her roof top terrace in an impermissable *[sic]* manner."

This characterization both misconstrues the outcome of the Civil Court litigation and ignores the effect of the legislative provision as construed in *Post v 120 E. End Ave. Corp. (supra).* After the Court of Appeals pointed out the theoretical distinction seized upon by plaintiff, it went on to interpret the legislation "as impressing its terms on residential leases and, in effect, authorizing Civil Court at the conclusion of summary proceedings to impose a permanent injunction in favor of the tenant barring forfeiture of the lease for the violation in dispute if the tenant cures within 10 days" (62 NY2d 19, 27, *supra).* The injunction being permanent, the stay does not hang "like a sword of Damocles" because the violation, once cured, cannot be the basis for forfeiture of the lease. Any further proceeding commenced by the landlord would therefore have to be based upon a subsequent violation of the lease and not upon the violation already litigated. Furthermore, while the 10-day statutory period might be insufficient to effect a cure in certain cases and thus subject a tenant to eviction at the end of that time, plaintiff herein was eventually granted some eight months to remove the violations following the entry of final judgment. The propriety of the

extension of the statutory period by Civil Court is not before us and we offer no opinion thereon. However, plaintiff cannot maintain that she has sustained any damage as the result of the outcome of the litigation with her landlord.

Finally, we note that the conditions extant at plaintiff's apartment constituted violations of the Housing Maintenance Code as determined by the Department of Housing Preservation and Development. The only question before the Civil Court was whether the conditions also comprised a nuisance so as to threaten the comfort and safety of the occupants of the building and to entitle the landlord to a final judgment of possession (Code of the Rent Stabilization Association of New York City, Inc. § 53 [B], now Rent Stabilization Code [9 NYCRR] § 2524.3 [b]). This question was answered in the affirmative by the Appellate Term, First Department, in an order filed February 1, 1988. In the context of the landlord-tenant proceeding, the only function of a *Yellowstone* injunction is to avoid a forfeiture of the lease *(Nunez v 164 Prospect Park W. Corp.,* 92 AD2d 540; *Wuertz v Cowne,* 65 AD2d 528). Because no forfeiture resulted, it cannot be said that plaintiff sustained damage as a result of the failure to obtain a *Yellowstone* injunction.

The rule in a legal malpractice action is that a plaintiff must demonstrate not only that actual damages have been sustained, but also that counsel's negligence was the proximate cause of the loss *(O'Brien v Spuck,* 99 AD2d 910, 911). Plaintiff has failed on both counts. Plaintiff and her attorney were successful in frustrating the attempts of the landlord and the Department of Housing Preservation and Development to effect the removal of the violations for some four years. Plaintiff will not be heard to complain that this result was not achieved in the precise manner she would have preferred. Concur—Sullivan, J. P., Milonas, Wallach and Rubin, JJ.