OPINION OF THE COURT
Robert F. Dolan, J.
DECISION OF MOTION
Petitioner commenced this summary proceeding to terminate respondents’ tenancy pursuant to the Anti-Drug Abuse Act of 1988 (42 USC § 1437d [l]) on the grounds of tenant’s drug-related criminal activity.
FACTS
On March 25, 1992, petitioner served respondents with a notice of termination of tenancy terminating respondents’ tenancy on April 3, 1992, on the grounds that respondents had violated the terms and conditions of the lease as follows:
"1. Failure to use the premises solely as a private dwelling for the tenant and the tenant’s household as identified in the lease, and not to use or permit the lease for any other purpose, to wit:
"2. On or about January 6, 1991, causing police to raid said premises for illegal manufacture, sale, distribution, use or possession with intent to manufacture, sell, distribute or use a controlled substance.
"3. On or about January 6, 1991, engaging in criminal activity including drug-related criminal activity which, on or near the housing authority premises, while a tenant in public housing”.
As a result of this activity, in the County Court of the County of Nassau, respondent Tyrone Wells pleaded guilty to criminal possession of a controlled substance in the fourth degree and was sentenced to a term of imprisonment of lVz to 4 Vi years. Respondent Lauralyn Wells pleaded guilty to disorderly conduct and was sentenced to a conditional discharge.
Since respondents did not vacate the premises this action was commenced to evict respondents from the premises pursuant to 24 CFR 966 and 24 CFR 247.
NOTICE OF HEARING
Defendant’s argument that she is entitled to a hearing prior to the termination of tenancy is incorrect. Federal courts have *875 determined that there is no need to have a full hearing at the PHA or HUD since State law provides an adequate procedure for the termination of tenancies. Since tenants cannot be evicted without State court action, having an administrative hearing would be burdensome, redundant and wasteful of social resources. (Perry v Royal Arms Apts., 729 F2d 1081; Jeffries v Georgia Residential Fin. Auth., 503 F Supp 610, adhered to 90 FRD 62, affd 678 F2d 919; Joy v Daniels, 479 F2d 1236; Wiggins v United States Dept, of Housing & Urban Dev., 523 F Supp 1170 [1981].)
New York courts have also held that there need be no hearing other than that afforded by normal judicial process. (Hudsonview Terrace v Maury, 100 Misc 2d 331 [App Term, 1st Dept 1979].) Summary proceedings in local courts afford all the due process guarantees to which a tenant is entitled. (Matter of Sherman v Kopach, 75 Misc 2d 18.) Therefore, what State courts are doing in a summary proceeding involving Federally subsidized housing programs is holding a due process hearing applying Federal law.
NOTICE OF EVICTION
Respondents’ request to dismiss this action on the basis of improper service is denied. Pursuant to 24 CFR 247.6 (c) a tenant may rely on State and local law governing the eviction procedures and, under the circumstances in this case, petitioner may rely on paragraph 11 (c) (2) of the lease which reads as follows:
"11. TERMINATION OF THE LEASE
"c. Management shall give written notice of termination of the lease of:
"2. A reasonable time, not exceeding seven days, commensurate with the exigencies of the situation in the case of creation or maintenance of threat to the health or safety of other tenants or Management employees”.
In this case service of petition and notice of petition within seven days complies with State and Federal law.
LACHES
On April 12, 1991, respondents pleaded guilty to engaging in criminal activity on or near the housing authority premises on January 6, 1991. This action to evict respondents was *876 commenced by the service of a notice of termination of tenancy on March 25, 1992, 14 months after the criminal activity and 11 months after respondents’ pleas of guilty.
Respondents have raised the question as to whether acceptance of rent by the landlord with the knowledge of respondents’ criminal activity constitutes a waiver of the default and an election by the landlord to continue the relationship of landlord and tenant.
The cases presented by respondents involve the principle that acceptance of rent by a landlord with knowledge of the tenant’s violation of the terms of the lease normally results in a waiver of the violation. (Atkin’s Waste Materials v May, 34 NY2d 422; Jefpaul Garage Corp. v Presbyterian Hosp., 61 NY2d 442; Malloy v Club Marakesh, 71 AD2d 614; TSS-Seed-man’s Inc. v Elota Realty Co., 134 AD2d 492.)
The difference in this case is that tenant violated a Federal statute which provides that certain categories of criminal activity by a public housing household member constitute grounds for eviction (24 CFR 966.4 [¶] [12] [i]).
Petitioner’s action to terminate the tenancy is based upon the provisions of 24 CFR 966.4 (f) which states as follows:
"(12) (i) To assure that the tenant, any member of the household, a guest, or another person under the tenant’s control, shall not engage in:
"(A) Any criminal activity that threatens the health, safety, or right of peaceful enjoyment of the PHA’s public housing premises by other residents or employees of the PHA, or
"(B) Any drug-related criminal activity on or near such premises.
"Any criminal activity in violation of the preceding sentence shall be cause for termination of tenancy, and for eviction from the unit.”
This section was amended by 56 Federal Regulations 51576 (No. 198, Oct. 11, 1991, eff Nov. 12, 1991), adding the following paragraph to 24 CFR 966.4 (f) (12): "(ii) For purposes of subparts A and B of this part 966, the term drug-related criminal activity means the illegal manufacture, sale, distribution, use, or possession with intent to manufacture, sell, distribute, or use, of a controlled substance (as defined in section 102 of the Controlled Substance Act (21 U.S.C. 812)).”
Giving consideration to the severity of the basis for the termination of the tenancy and the underlying purpose for the *877 enactment of the statute respondents’ motion to dismiss on the basis of loches is denied.
DECISION
Respondents’ motion to dismiss the petition is denied and judgment granted in favor of petitioner and against respondents for the possession together with the costs and disbursements of this action. A warrant of eviction may issue forthwith.