OPINION OF THE COURT
Herbert Kramer, J.
*876 Plaintiff runs a taxi garage on property leased from defendant. The property consists of a parking lot and a small building used as a one-story office and garage. Defendant has sought to terminate plaintiffs rights in the leasehold claiming that a fire rendered the leasehold totally unuseable and consequently paragraph 9 (d)[1] of the lease authorizes the termination of the leasehold.
On April 11 2007, defendant served plaintiff a notice of termination. The notice of termination recites that it is being sent pursuant to paragraph 9 (d) of the lease; that a fire took place and as a result of the fire the New York City Department of Housing Preservation and Development (NYCDHPD) ordered the premises sealed; that the premises became wholly unuseable because the roof of the building has a hole in it and the bricks are so damaged that its structural integrity has been compromised and that the inside was completely gutted. The notice did not provide for instantaneous termination of the lease but, in accordance with the requirements of paragraph 9 of the lease, called for termination as of May 15, 2007. Prior to the lease termination date, on May 8, 2007, plaintiff moved for a Yellowstone injunction.
*877 According to the lease, in circumstances where the fire has caused only partial damage, the landlord has no right to evict; it is only when the premises are totally damaged or rendered wholly unuseable that the landlord can elect to evict. Thus, in seeking an injunction preventing the termination of the leasehold, plaintiff argues that paragraph 9 (d) of the lease does not apply to the circumstance at bar because, at most, the fire damaged the contents of the small building and the roof but did not render the structure unsafe or the premises unstable and in any event the fire in the 800-square-foot structure did not affect the remaining usable space which constitutes about 80% of the leased premises. Plaintiff further argues that it is ready, willing and able to continue its commercial leasehold and repair the fire damage to the small building situated on the premises which it interprets as a right conferred upon the tenant by paragraph 13 of the rider to the lease.[2]
Defendant asserts that the plaintiffs application for a Yellowstone injunction was not timely because the lease is no longer in existence having been terminated by the notice of termination and that a Yellowstone injunction will not lie because the operative paragraph, paragraph 9 (d), contains no cure period or election for the tenant to repair the fire damage.
“In order to preserve the right to cure a default under the lease by a declaratory judgment action, the tenant must obtain a stay of the period within which the default may be cured.” (Health ‘N Sports v Providence Capitol Realty Group, 75 AD2d 884, 884 [2d Dept 1980].) Our set of facts does not fit neatly within the Yellowstone paradigm[3] since the occurrence of a fire is not a “default” by the tenant in the classical sense and there is no *878 potential for cure built into the clause upon which the defendant is relying and which in our view is properly applicable to the facts at bar. Thus, while the plaintiff, who holds a commercial lease, has received a concrete threat to terminate the lease in the form of the notice of termination, which, contrary to defendant’s contentions, has not terminated the lease, but merely warned of its impending termination and plaintiff timely moved for a temporary restraining order before the lease was terminated, the motion for a temporary restraining order did not toll the curative period since no such period existed and as such the court has no power to grant injunctive relief. (Id.; see also Long Is. Gynecological Servs. v 1103 Stewart Ave. Assoc. Ltd. Partnership, 224 AD2d 591 [2d Dept 1996].)
What remains then is a proceeding to ascertain whether there was total or only partial destruction of the building on the premises as those terms are used in paragraph 9 of the lease and what sort of repairs will be necessary to rehabilitate this building. These findings will determine whether the landlord is entitled to evict under paragraph 9 (d) of the lease or must, at its own expense, repair the premises under paragraph 9 (b) of the lease and will also shed light upon whether the tenant would be entitled to make repairs without the consent of the landlord under paragraph 13 of the rider to the lease.
Accordingly, the plaintiffs motion for a preliminary injunction pending the determination in this court of plaintiffs action for a declaratory judgment is granted to the extent that the temporary restraining order contained in the order to show cause is continued pending a determination of the matter in Civil Court and the motion is otherwise denied and the complaint is dismissed in anticipation of the conduct of a dis-positive summary proceeding in Civil Court.

. Paragraph 9 provides
“(a) If the demised premises or any part thereof shall be damaged by fire or other casualty tenant shall give immediate notice to Landlord and this lease shall continue in full force and effect except as hereinafter set forth; (b) If the demised premises are partially damaged or rendered partially unuseable by fire . . . the damages thereof shall be repaired by and at the expense of Landlord and the rent until such repair shall be substantially completed shall be apportioned from the day following the casualty according to the part of the premises which is usable; (c) If the demised premises are totally damaged or rendered wholly unuseable by fire or other casualty then the rent shall be proportionately paid up to the time of the casualty and thenceforth shall cease until the date when the premises shall have been repaired and restored by Landlord subject to Landlord’s right to elect not to restore the same as hereinafter provided; (d) If the demised premises are rendered wholly unuseable or (whether or not the demised premises are damaged in whole or in part) if the building shall be so damaged that the landlord shall decide to demolish it or to rebuild it, then, in any of such events, Landlord may elect to terminate this lease by written notice to tenant given within 90 days after such fire or casualty specifying a date for the expiration of the lease, which date shall not be more than 60 days after the giving of such notice, and upon the date specified in such notice the term of this lease shall expire as fully and completely as if such date were the date set forth above for the termination of this lease . . . .”

. Paragraph 13 recites in pertinent part:
“Notwithstanding anything to the contrary herein contained and subject to the limitation that no substantial portion of the building of which the demised premises form a part shall be demolished or removed by Tenant without the prior consent in writing of the landlord, and, if necessary, any mortgagee, the Tenant may at any time at its own cost and expense make any alteration, building, replacement, change, addition or improvement in and to the demised premises . . .

. The criteria for a Yellowstone injunction are that the tenant holds a commercial lease, that it was served with a notice of default, notice to cure or threat of termination of the lease, that it timely moved for injunctive relief prior to the expiration of the cure period and termination of the lease and that it has the desire and ability to cure its alleged default by any means short of vacating the premises. (Mayfair Super Mkts. v Serota, 262 AD2d 461 [2d Dept 1999].)