Black Diamond Capital Mgt., LLC v Oppenheimer Master Loan Fund, LLC (2019 NY Slip Op 04890)





Black Diamond Capital Mgt., LLC v Oppenheimer Master Loan Fund, LLC


2019 NY Slip Op 04890


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Gische, J.P., Webber, Kahn, Kern, JJ.


9661 652519/15

[*1]Black Diamond Capital Management, LLC, et al., Plaintiffs-Respondents,
v
Oppenheimer Master Loan Fund, LLC, et al., Defendants, Eaton Vance Corp., et al., Defendants-Appellants.


Brown Rudnick LLP, New York (Sigmund S. Wissner-Gross of counsel), for appellants.
Richards Kibbe & Orbe LLP, New York (David W.T. Daniels of counsel), for respondents.



Order, Supreme Court, New York County, (Andrea Masley, J.), entered January 23, 2019, which, to the extent appealed from, denied defendants Eaton Vance Corp. and Eaton Vance Floating Rate Portfolio's (together, Eaton), motion for summary judgment, unanimously affirmed, with costs.
Summary judgment was correctly denied as to plaintiffs' tortuous interference with contract claim against Eaton. Issues of fact remain as to whether the right of first refusal (ROFR) upon which Eaton relies was a valid and enforceable agreement, whether Eaton knew about plaintiff's agreement with the Oppenheimer defendants when it exercised the ROFR, and whether Eaton was justified in interfering with plaintiffs' agreement with the Oppenheimer defendants (Lama Holding Co. v Smith Barney, Inc. , 88 NY2d 413, 424 [1996]).
Plaintiffs' claims for specific performance and injunctive relief are appropriate despite the fact that there is no privity of contract between plaintiffs and Eaton (see Health-Loom Corp. v Soho Plaza Corp., 272 AD2d 179, 183 [1st Dept 2000]). These claims also center on whether Eaton purported to purchase the security at issue with knowledge that plaintiffs allegedly had enforceable rights.
The "protected purchaser" provision of UCC 8-303 does not entitle Eaton to summary judgment. The three requirements for protected purchaser status are that the purchaser has (1) "[g]ive[n] value"; (2) "not ha[d] notice of any adverse claim to the security"; and (3) "[o]btain[ed] control of" the security (UCC 8—303[a]). The UCC 8—102(a)(1) definition of an "adverse claim," as amended in the 1994 revisions to the UCC and adopted in New York in 1997, is "a claim that a claimant has a property interest in a financial asset and that it is a violation of the rights of the claimant for another person to hold, transfer, or deal with the financial asset" (UCC 8-102[a][1]). As stated in the commentaries, this definition was intended to reject case law that "might have been read to suggest that any wrongful action concerning a security, even a simple breach of contract, gave rise to an adverse claim" (UCC 8—102(a)(1), Comment 1). "Absent unusual circumstances, . . . [an] action for breach [of contract] would not give rise to a property interest in securities" (UCC 8—102[a][1], Comment 1). However, where intentional or tortious conduct has resulted in a breach, the "principles of equitable remedies" dictate that a purchaser would not be able to avail itself of the protections of UCC 8-303. A different result would permit a party to knowingly induce the breach of an agreement to transfer a security and claim "protected purchaser" status, leaving the injured party with no recourse to obtain the actual security.
The present case involves more than a simple breach of contract. The securities at issue are unique as they are part of a closely held corporation and concern controlling rights (see e.g. [*2]Kurtz v Zion , 61 AD2d 778, 779 [1st Dept 1978]). Additionally, the record does not establish, as a matter of law, that Eaton's conduct in interfering with plaintiffs' agreement to purchase the securities was unintentional and done without knowledge of plaintiffs' rights. Issues of fact remain as to whether Eaton tortiously interfered with plaintiffs' contractual rights.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK