■ PATRICK E. MALLOY, III, Appellant, v CLUB MARAKESH, INC., et al., Respondents.—In a summary holdover proceeding pursuant to article 7 of the Real Property Actions and Proceedings Law, to recover possession of real property, the petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered August 10, 1978, which, after a nonjury trial, dismissed the proceeding. Judgment affirmed, with costs. The petitioner herein, the landlord of the subject premises, instituted the instant proceeding pursuant to paragraph SIXTH of his lease with respondent Club Marakesh, Inc. That paragraph states, in pertinent part: "If after the commencement of the term [the] Tenant shall make default in fulfilling any of the covenants of this lease, other than the covenants for the payment of rent or 'additional rent' or if the demised premises become vacant or deserted, the Landlord may give to the Tenant ten days' notice of intention to end the

term of this lease, and thereupon at the expiration of said ten days (if said condition which was the basis of said notice shall continue to exist) the term under this lease shall expire as fully and completely as if that day were the date herein definitely fixed for the expiration of the term and the Tenant will then quit and surrender the demised premises to the Landlord, but the Tenant shall remain liable as hereinafter provided." The landlord determined that the tenant breached the lease and, on the strength of the above-quoted clause, served the tenant on March 18, 1978 with a "Notice of Intention to End Term of Lease", which stated that the tenant had breached the following covenants: "a) you have not paid for the fuel for the leased premises for which you are liable pursuant to paragraph 7. of the Rider to the Lease; b) you have not accounted for the gross revenues received by you pursuant to paragraph 3. of the Rider to the Lease; c) you have not provided the landlord with a complete and executed copy of the Internal Revenue Service Form referred to in paragraph 3. of the Rider to the Lease; [d]) you have repeatedly attempted to occupy and have occupied premises owned by the landlord at the building known as 133-135 Main Street, Westhampton Beach, N. Y. not included in the premises leased to you pursuant to the foregoing lease; e) you have made unauthorized changes and alterations to landlord's property known as 133-135 Main Street, Westhampton Beach, New York." After a nonjury trial, the court found that the landlord had failed to establish any material breach of the lease by the tenant. We agree with the holding of the trial court. With respect to the tenant's failure to provide an annual account of gross revenues, the record indicates that the tenant provided a monthly accounting for the entire year and, thus, more than satisfied the annual accounting requirement. With respect to the tenant's alleged failure to provide the landlord with a copy of its tax return by January 31, 1978 for the calendar year of 1977, the trial court noted that the club operated on a fiscal year and that at the time of the termination notice, there was no tax return to provide. The lease is not clear on this issue and must be read against its draftsman, the landlord. With respect to the landlord's claim that the tenant had made unauthorized structural changes and alterations, to wit, exhaust fans which required circular holes in the ceiling, the trial court correctly held (1) that the fans constituted trade fixtures, which were essential to the use of the premises as a discotheque, and (2) that upon termination of the lease, the tenant could leave the fans only on the landlord's consent; otherwise they would have to be removed and the openings in the roof repaired. There was no other competent evidence that the tenant in any other way disfigured or defaced any portion of the building. With respect to the tenant's improper use of the lobby area of the subject premises, the record indicates that in conjunction with this summary proceeding for eviction, the landlord had successfully enjoined the tenant from using the lobby area, except for a fire exit, and that the order incorporating that relief was affirmed by this court (*Malloy v Club Marakesh*, 66 AD2d 1032). In any event, the lobby is not a part of the leased premises and, accordingly, the use thereof, if any, does not constitute a material breach of the lease. Finally, we turn to the issue of the tenant's alleged failure to pay for fuel as required by the lease. With respect to this obligation, the lease provides: "Tenant agrees to reimburse Landlord for past utility, water and fuel bills paid by the Landlord but relating to the Leased premises. Payment to the Landlord will take place at the signing of this Lease. Tenant agrees to pay all such costs in future on [a] proportional basis with other tenants [i.e., 50% for fuel]." An examination of this provision of the lease reveals that there was a complete absence of any

language indicating the time and method of payment of the fuel bills by the tenant. Under these circumstances, it was incumbent upon the landlord to give the tenant specific notice as to the amount of any delinquent bills before invoking paragraph SIXTH of the lease. Indeed, paragraph SIXTH specifically provides that the lease would terminate upon a default of any covenant other than a covenant for the payment of rent, only if the "condition which was the basis of said notice shall continue to exist". It is undisputed on this record that the landlord failed to apprise the tenant of the specific amount of the delinquent bill and demand its payment, either before serving the notice to terminate or in the notice itself. Accordingly, the equitable powers of this court will not be invoked to impose the harsh remedy of termination sought by the landlord (cf. *First Nat. Stores v Yellowstone Shopping Center,* 21 NY2d 630). Furthermore, it appears from the record that the landlord accepted rent with knowledge of the tenant's alleged failure to pay the fuel bill. The general rule is that the acceptance of rent with knowledge of conduct violative of the lease constitutes a waiver by the landlord of the default even if the lease contains a nonwaiver provision *(Atkins Waste Materials v May,* 34 NY2d 422; *Paul Pleating & Stitching Co. v Levine,* 137 Misc 82). Accordingly, the petition was properly dismissed. Hopkins, J. P., Suozzi, Gulotta and Cohalan, JJ., concur.