■ S. E. Nichols, Inc., et al., Respondents-Appellants, v American Shopping Centers, Inc., et al., Appellants-Respondents.—Main, J. Cross appeals from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered February 13, 1985 in Fulton County, which, *inter alia,* granted plaintiffs' motion for a preliminary injunction and partially denied defendants' cross motion for summary judgment dismissing the complaint.

On June 2, 1969, plaintiff Nichols Gloversville Corporation entered into a long-term lease with defendant Gloversville Shopping Center, Inc., for retail space in a shopping center located in the Town of Johnstown, Fulton County. Plaintiff S. E. Nichols, Inc., is the parent corporation of Nichols Gloversville Corporation, and defendant American Shopping Centers, Inc., is the successor in interest to Gloversville Shopping Center, Inc.

By letter dated March 20, 1984, plaintiffs advised defen-

dants that the roof over their leased premises was in need of repair and that they would treat the defective condition and defendants' failure to repair as constructive eviction. By letter dated April 4, 1984, defendants authorized plaintiffs to make emergency repairs to the roof. On that same day, defendants sent to plaintiffs a notice of default. The notice of default alleged, *inter alia,* that plaintiffs had failed to pay certain percentage rental as required by the lease and had wrongfully fenced in a portion of the shopping center parking lot for use as a garden center. Plaintiffs were given 30 days to cure these alleged defaults.

Thereafter, plaintiffs informed defendants that they were not in default and that they would place in escrow the unpaid percentage rental in question until the roof was repaired. Plaintiffs also rejected defendants' assertion that the fencing of a portion of the parking lot was violative of the lease since defendants had known about the fence for several years and had, nonetheless, accepted rent from plaintiffs without objection regarding the fence. Because plaintiffs did not cure the alleged defaults during the 30-day cure period, defendants sent to plaintiffs, on May 7, 1984, a notice of termination which terminated the lease effective June 1, 1984.

Plaintiffs commenced this action on May 10, 1984 seeking, *inter alia,* a permanent injunction enjoining defendants from terminating the lease or removing the fence around the garden center. By order to show cause signed May 18, 1984, plaintiffs moved for a preliminary injunction. That show cause order also contained a temporary restraining order. Defendants cross-moved for summary judgment dismissing plaintiffs' complaint and awarding them judgment on their counterclaims. Special Term granted the preliminary injunction. In addition, Special Term dismissed plaintiffs' causes of action for constructive eviction and prima facie tort, but otherwise denied defendants' cross motion for summary judgment. Defendants appeal from the granting of the preliminary injunction and the partial denial of summary judgment. Plaintiffs cross-appeal from the dismissal of their constructive eviction cause of action.

We first consider whether Special Term properly granted the preliminary injunction in this case. Under the procedure laid out in *First Natl. Stores v Yellowstone Shopping Center* (21 NY2d 630), a tenant may obtain a preliminary injunction "which tolls the running of the notice to cure until a declaration of the parties' rights may be had" *(Mann Theatres Corp. v Mid-Island Shopping Plaza Co.,* 94 AD2d 466, 475, *affd* 62

NY2d 930). The injunction must be sought before the end of the cure period, however, for there is no basis for preliminary injunctive relief where the injunction is not sought until after expiration of the cure period and after a termination notice has been served *(Asherson v Schuman,* 106 AD2d 340, 341). Here, plaintiffs failed to seek a preliminary injunction during the cure period. Instead, they sought such relief only after defendants had served upon them a notice of termination. Such being the case, plaintiffs were not entitled to a preliminary injunction. This is so despite the fact that the termination notice was not to be effective until June 1, 1984, before which date plaintiffs sought injunctive relief *(see, Health N Sports v Providence Capitol Realty Group,* 75 AD2d 884, 884-885). Accordingly, Special Term erred in granting plaintiffs the preliminary injunction.

We next address the issue of whether Special Term properly denied defendants' cross motion for a judgment declaring plaintiffs to be in breach of the lease because plaintiffs had failed to pay certain percentage rental and had fenced in a portion of the parking lot for use as a garden center. With respect to both the percentage rental and the fence, a question of waiver exists. It is well settled that "acceptance of rent by a landlord from a tenant with knowledge of the tenant's violation of the terms of the lease normally results in a waiver of the violation" *(Jefpaul Garage Corp. v Presbyterian Hosp.,* 61 NY2d 442, 447). There is no question but that defendants accepted rent from plaintiffs after they learned that plaintiffs had erected the fence. Thus, defendants waived their right to enforce any use restrictions against such a fence *(see,* 1 Rasch, New York Landlord & Tenant § 494, at 616 [2d ed]), and Special Term properly denied defendants' cross motion regarding the fence.

With respect to the percentage rental, the record is not so clear. While defendants' acceptance of rent during the cure period or during the period when a restraining order or injunction was in effect would not have resulted in a waiver *(see, Jefpaul Garage Corp. v Presbyterian Hosp., supra,* pp 446-447), their acceptance of rent during the time after the cure period had ended but before defendants became the objects of a temporary restraining order might effectuate such a waiver. Here, because of the record's lack of clarity with regard to specific dates when defendants accepted rent, we cannot say, as a matter of law, that defendants did not make a waiver with regard to plaintiffs' alleged default concerning percentage rental payments. Since defendants have failed to present

evidentiary facts sufficient to entitle them to judgment at this juncture (see, Piccolo v De Carlo, 90 AD2d 609, 610), Special Term properly denied their cross motion with regard to the percentage rental issue.

Finally, we determine that Special Term was correct in dismissing plaintiffs' cause of action for constructive eviction. Even affording the pleadings a liberal construction (see, Raymond Corp. v Coopers & Lybrand, 105 AD2d 926, 928; Macey v New York State Elec. & Gas Corp., 80 AD2d 669, 669-670), we conclude that plaintiffs cannot claim that a constructive eviction, partial or otherwise, took place. While they may have been deprived of the beneficial use and benefit of portions of their leased premises at times, it cannot be said that plaintiffs ever actually abandoned a substantial portion of the store (see, Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 83; Union Dime Sav. Bank v Frohlich, 57 AD2d 862; Bet Constr. Corp. v City of New York, 96 Misc 2d 1102, 1105).

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for a preliminary injunction; motion denied; and, as so modified, affirmed. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.