■ LENA LOGUIDICE, as Executrix of FRANK LOGUIDICE, Deceased, Appellant, v EUGENE LOGUIDICE, Doing Business as THOMAS LOGUIDICE, Respondent.—In an action, *inter alia,* for an accounting of partnership assets, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Buschmann, J.), dated November 19, 1984, which, after a nonjury trial, dismissed her complaint.

Judgment affirmed, with costs, for reasons stated by Justice Buschmann at Trial Term. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.

■ PEN-MOR THOROUGHBRED FARMS, INC., Respondent, v MICHAEL C. RICATTO et al., Appellants.—In an action, *inter alia,* for a judgment declaring that the plaintiff properly exercised its option to purchase certain real property in the Village of Muttontown and for specific performance of the option agreement, the defendants appeal from a judgment of the Supreme Court, Nassau County (Molloy, J.), entered March 13, 1985, which granted summary judgment to the plaintiff and dismissed the defendants' counterclaims.

Judgment affirmed, with costs.

The plaintiff leased an 80-acre horse farm from the defendants in 1977 for a 10-year term. The lease included an option to buy "at any time" up until six months prior to expiration of the term. The plaintiff brought this action after the defendants refused to permit the plaintiff to exercise the option and terminated the lease. The court properly granted summary judgment to the plaintiff as the defendants' allegations of mistake and fraud in preparation of the lease are unsubstantiated and present no triable issue *(see, Zuckerman v City of New York,* 49 NY2d 557). The defendants signed the lease and are bound by its terms, absent a showing of fraud or other wrongful act of the plaintiff *(Da Silva v Musso,* 53 NY2d 543). The defendants' allegation that the plaintiff was in default of the lease, and therefore unable to exercise the option, also presents no triable issue. The defendants accepted rent from the plaintiff with full knowledge of the alleged violations of the lease and thus waived any breach *(see, Malloy v Club Marakesh,* 71 AD2d 614). The defendants' claim that the judgment fails to conform to a stipulation between the parties in open court is without merit. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.