■ ROBERT VANDEMARK, Respondent, v MATTHEW JAEGER et al., Defendants, and GREGORY SPANGLER, Appellant. [699 NYS2d 522] —Graffeo, J. Appeal from an order of the Supreme Court (Torraca, J.), entered August 17, 1998 in Ulster County, which, *inter alia*, denied defendant Gregory Spangler's motion to dismiss the complaint for lack of personal jurisdiction.

Plaintiff commenced this medical malpractice action in December 1997 against several defendants, including defendant Gregory Spangler (hereinafter defendant). Service of process upon defendant was attempted on January 6, 1998 at the offices of Hudson Valley Surgical Associates, P. C. Because defendant was not present, a copy of the summons and complaint was left with the office manager and another copy was mailed to defendant at his place of business. An affidavit of service was filed on January 20, 1998. Approximately two weeks after service was completed, defendant served an answer asserting lack of personal jurisdiction as an affirmative defense. In June 1998, defendant moved pursuant to CPLR 3211 (e) for an extension of time within which to move to dismiss plaintiff's complaint or, alternatively, for summary judgment on the basis that plaintiff improperly served him at Hudson Valley Surgical, defendant's previous employer. Plaintiff cross-moved for an extension of time in which to file an affidavit of service relating to a second attempt at personal service upon defendant. Supreme Court denied defendant's motion and granted plaintiff's request for an extension to file an affidavit of service. Defendant now appeals.

A jurisdictional objection based on improper service raised in a responsive pleading is waived if a motion for judgment is not brought "within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship" (CPLR 3211 [e]). Here, defendant attributes the delay to his need to obtain new counsel after a conflict of interest necessitated a change in his representation. However, defendant inexplicably waited five months to file his motion and there is insufficient proof in the record to show that any obstacle prevented him from securing substitute counsel within the statutory time period for such a motion. Under these circumstances, Supreme Court's determination that defendant has not manifested "undue hardship" warranting an extension of time was proper (*see, Fleet Bank v Riese*, 247 AD2d 276). Defendant, having failed to move within 60 days of interposing his answer, has forfeited his right to move for summary judg-

ment dismissing the complaint based on improper service of process.

In light of our decision, that portion of the appeal relating to plaintiff's motion to extend the time in which to file an affidavit regarding a subsequent service attempt is academic.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.