■ In the Matter of NEW COUNTRY DEVELOPMENT GROUP, INC., Respondent, v DEMITASSE, INC., Doing Business as MADELINE's ESPRESSO BAR, et al., Appellants. [718 NYS2d 107] —Peters, J. Appeal from an order of the County Court of Saratoga County (Scarano, Jr., J.), entered March 10, 2000, which, in a proceeding pursuant to RPAPL article 7, affirmed a judgment of the City Court of Saratoga Springs in favor of petitioner granting it a warrant of eviction against respondents.

Petitioner owns a building in the City of Saratoga Springs, Saratoga County, which has commercial space located on its first floor. At the time of trial, such space was occupied by Madeline's Espresso Bar, owned by respondent Demitasse, Inc., pursuant to a five-year lease, dated April 26, 1993, which was assigned to it by Kay Owen as tenant and petitioner as landlord (hereinafter the Owen lease). Containing no option to renew, the tenancy was scheduled to terminate by May 31, 1998. As early as January 1997, the parties began to negotiate the terms of a new lease. It appears undisputed that petitioner made an offer to renew the lease for a period of five years with some modifications. Petitioner's representative met with Deanna McGovern, proprietor of Madeline's, on numerous occasions during the winter of 1997 to negotiate its terms. Despite petitioner's proffer of a letter outlining changes to the Owen lease with a signature line for Demitasse and ultimately a new lease for signature, it remained unsigned.

By letter dated August 6, 1997, petitioner advised respondents that it was revoking the prior lease offer yet added that respondents could still tender a "new offer for lease renewal." McGovern promptly responded by sending petitioner a copy of the originally proposed lease, still unsigned, with further suggested modifications. After over two months passed with no reply, counsel wrote to inquire of the status of the proposed lease. With still no response and despite the lack of a formal agreement, respondents nonetheless continued paying rent yet increased their payment to reflect the increase in rent called for in the unsigned renewal lease which would have commenced on June 1, 1997—a year earlier than the expiration of the Owen lease.

On or about May 12, 1998 and again on July 2, 1998, petitioner formally notified respondents that they were to vacate the premises since the leasehold had expired by the terms of the Owen lease. As here relevant, respondents continued to deliver monthly rental payments to petitioner who, on advice of counsel, neither negotiated the checks

tendered after the expiration of the Owen leasehold* nor returned them to respondents.

In August 1998, petitioner commenced the instant proceeding to recover possession of the premises. In opposition, respondents contended that a new lease had been accepted which vested them with an additional five-year tenancy. A two-day trial ensued in City Court which resulted in a decision granting petitioner a warrant of eviction. City Court also awarded petitioner a sum representing the amount of the premises' utility bills during the holdover tenancy and interest on respondents' "delinquent rent" at the contractually agreed-upon rate of 18%, plus counsel fees and court costs. Respondents appealed the judgment to County Court where it was affirmed. This appeal ensued.

Addressing the propriety of awarding an amount which exceeded the amount requested in the ad damnum clause when no motion was made to amend the pleadings, we note no error. Respondents failed to demonstrate that the increased amounts hindered their case preparation or affected their trial strategy (see, Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23; Austin v Barber, 227 AD2d 826, 829). Respondents were clearly liable for expenses detailed in the Owen lease by paragraph 2616 thereof which indicates that, as holdovers, they became a month-to-month tenant which bound them to all terms, covenants and conditions of the underlying lease (see, City of New York v Pennsylvania R. R. Co., 37 NY2d 298, 300; Levy v Carol Mgt. Corp., 260 AD2d 27, 32). Since the Owen lease further provided for the recovery of counsel fees as well as all other expenses under the circumstances presented here, we find no error in the award for costs.

Turning to the award of prejudgment interest in the contractually agreed-upon amount of 18% on all uncollected rent, we find that notwithstanding respondents' tender of monthly rental payments, the award was proper. Had petitioner negotiated the checks proffered by respondents after having given notice of the termination yet prior to the institution of this proceeding, such conduct could have served to defeat the underlying action (see, TSS-Seedman's, Inc. v Elota Realty Co., 72 NY2d 1024; Guy v Furman, 4 Misc 2d 564; Smith Real Estate v Byrne, 3 Misc 2d 559; 89 NY Jur 2d, Real Property—Possessory Actions, § 13, at 336).

---

* By the end of December 1997, it appeared clear to respondents that petitioner was not going to sign the new lease; the amounts tendered through May 1998 were recalculated in accordance with the terms of the Owen lease and appropriate adjustments were made.

Cardona, P. J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.