■ STATE FARM FIRE AND CASUALTY COMPANY, as Subrogee of GRETCHEN SCHLEGEL, Appellant, v SALLY FIRMSTONE et al., Respondents. [780 NYS2d 820]—

Rose, J. Appeal from an order and judgment of the Supreme Court (Relihan, Jr., J.), entered November 20, 2003 in Broome County, which, inter alia, granted the motion of defendants Sally Firmstone and Scott Williams for summary judgment dismissing the complaint.

Plaintiff commenced this subrogation action seeking to recover insurance proceeds it paid to a landlord for property damage resulting from a fire in an apartment owned by the landlord and occupied by defendants—two parents and their daughter. More than two years after serving an answer raising the defense of lack of personal jurisdiction on behalf of all three defendants,

the parents moved for an order compelling plaintiff to accept an amended answer effectively withdrawing the daughter's appearance in the action,* for an order pursuant to CPLR 3211 (a) (8) dismissing the action for lack of personal jurisdiction, and for summary judgment based on lack of merit to plaintiff's claim. Plaintiff cross-moved for dismissal of the defense of lack of personal jurisdiction, but offered affidavits showing service only upon the parents. Supreme Court orally granted dismissal of the action as against the daughter for lack of service. By a later written decision, the court granted the parents' motion for summary judgment on the ground that their negligence had not been established and denied plaintiff's cross motion.

Plaintiff appeals, arguing that Supreme Court erred in dismissing the action as against the daughter because no motion for dismissal based on lack of personal jurisdiction was made within 60 days after that defense was asserted in a pleading (*see* CPLR 3211 [e]; *Vandemark v Jaeger*, 267 AD2d 672, 672 [1999]). Since an answer was interposed on the daughter's behalf and no motion was made either to withdraw her answer or for dismissal for lack of personal jurisdiction until more than two years later, the daughter would be deemed to have waived any objection to service by operation of CPLR 3211 (e) unless undue hardship were demonstrated and Supreme Court granted an extension of time for making the motion to dismiss (*see Matter of Farkas v Chase Manhattan Bank*, 290 AD2d 253, 253-254 [2002]). Without a record of Supreme Court's rationale, however, we are unable to discern the basis for the court's apparent exercise of its discretion to excuse the delay and permit the motion to be made beyond the time provided in CPLR 3211 (e). Rather than speculate upon the basis for the court's ruling, we withhold decision and remit the matter to Supreme Court to make explicit findings in this regard (*see Ricciuti v Lombardi*, 256 AD2d 892, 893 [1998]).

As for the grant of summary judgment to the parents, we note that plaintiff does not argue on this appeal that they can be held liable for negligence. Plaintiff instead argues that its complaint includes a cause of action sounding in contract based on the parents' obligation as tenants to preserve and repair the leased premises. Although no written lease may have been in effect at the time of the fire, plaintiff correctly argues that the terms of the prior lease continued because defendants remained on the premises (*see City of New York v Pennsylvania R.R. Co.*,

---

* Defendants' counsel served the same amended answer 37 days after the original answer, but it was rejected by plaintiff as untimely (*see* CPLR 3025 [a]).

37 NY2d 298, 300 [1975]; *Matter of New Country Dev. Group v Demitasse, Inc.*, 278 AD2d 728, 729 [2000]). Even if there were a breach, however, it would be waived by the landlord's conduct after the fire. The "general rule is that acceptance of rent with knowledge of conduct violative of the lease constitutes a waiver by the landlord of the default even if the lease contains a nonwaiver provision" (*Malloy v Club Marakesh*, 71 AD2d 614, 616 [1979]; *see TSS-Seedman's, Inc. v Elota Realty Co.*, 72 NY2d 1024, 1027 [1988]; *S.E. Nichols, Inc. v American Shopping Ctrs.*, 115 AD2d 856, 858 [1985]). Here, the landlord accepted rent and entered into a new lease with the parents following the fire without making any provision regarding the fire damage. Thus, Supreme Court properly granted summary judgment dismissing the complaint.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.