■ STATE FARM FIRE AND CASUALTY COMPANY, as Subrogee of GRETCHEN SCHLEGEL, Appellant, v SALLY FIRMSTONE et al., Respondents. [795 NYS2d 118]—

---

3. Kyle was eventually freed for adoption with respondent's consent.

Rose, J. Appeal from an order and judgment of the Supreme Court (Relihan, Jr., J.), entered November 20, 2003 in Broome County, which, inter alia, granted the motion of defendants Sally Firmstone and Scott Williams for summary judgment dismissing the complaint.

The three defendants named in this subrogation action, Sally Firmstone, Scott Williams and their adult daughter, April Fiorini, answered by counsel and raised the defense of lack of personal jurisdiction in December 2000. Thirty-seven days later, in January 2001, counsel served an amended answer identical to the original pleading except that it purported to answer on behalf of Firmstone and Williams only (hereinafter the parents), with no mention of Fiorini. Because the amendment had not been made within 20 days after service of the original answer, it was rejected and returned by plaintiff (*see* CPLR 3025 [a]). More than two years later, in July 2003, the parents alone moved for an order compelling plaintiff to accept the amended answer, dismissing the action for lack of personal jurisdiction as to all three defendants and granting summary judgment based on lack of merit to plaintiff's claim. Plaintiff cross-moved and, among other things, opposed dismissal for lack of personal jurisdiction on the ground that each defendant had waived the defense by failing to move for that relief within 60 days after first raising it in their answer (*see* CPLR 3211 [e]). Noting that it "would" have allowed amendment of the answer, Supreme Court concluded that Fiorini had not waived the jurisdictional defense and dismissed the complaint as against her for lack of personal jurisdiction. Supreme Court also granted summary judgment to the parents on the merits.

Upon our review (9 AD3d 812 [2004]), we held that the answer had been interposed on behalf of each defendant, including Fiorini, it had raised the jurisdictional defense and the amended answer was ineffective to withdraw her appearance because it had been rejected by plaintiff as untimely. When no motion was made to withdraw Fiorini's appearance, compel acceptance of the amended answer or dismiss the action within 60 days after first raising the defense in the answer, she and her parents waived the defense under CPLR 3211 (e) (*see Vandemark*

*v Spangler*, 267 AD2d 672, 672-673 [1999]). Thus, to overcome the waiver, the parents' motion to dismiss the action for lack of personal jurisdiction, made over two years later, had to be supported by a showing of undue hardship (*see* CPLR 3211 [e]). Because Supreme Court had orally granted dismissal of the action as against Fiorini and we could not discern the basis for the court's exercise of its discretion to excuse the parents' delay in making the motion, we withheld decision and remitted the matter to Supreme Court to make explicit findings (9 AD3d 812 [2004], *supra*). Upon remittal, Supreme Court made no findings as to undue hardship. Instead, the court indicated that it had granted the motion because the parents' counsel lacked authority to serve an answer on Fiorini's behalf, she was never served and the amended answer "should" have been accepted.

Despite Supreme Court's apparent willingness to compel acceptance of the amended answer, neither its original decision nor its order directed plaintiff to do so. Thus, even if the amendment could have nullified the waiver that had arisen from defendants' failure to move for dismissal within the 60-day period provided by CPLR 3211 (e) (*compare McGowan v Hoffmeister*, 15 AD3d 297 [2005]), there is no order permitting the amended answer and compelling its acceptance nunc pro tunc. Inasmuch as Supreme Court found no undue hardship, there was no basis for extending the parents' time to make their motion, defendants' waiver continued in effect and the complaint could not be dismissed for lack of personal jurisdiction over Fiorini.

Finally, the argument that plaintiff's subrogor waived her contractual claims against the parents was raised in the parents' opposition to plaintiff's cross motion, and we find no reason to disturb our previous conclusion that the parents' motion for summary judgment on the merits was properly granted.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order and judgment is modified, on the law and the facts, without costs, by reversing so much thereof as granted the motion of defendants Sally Firmstone and Scott Williams to dismiss the complaint as to defendant April Fiorini; motion denied to that extent; and, as so modified, affirmed.