◼ WENDY L. WOLEBEN, Individually and as Administratrix of the Estate of MARILYN J. NOFTSKER, Deceased, Appellant, v PRAGNA B. SUTARIA, M.D., et al., Defendants, and THOMAS L. GREER, M.D., Respondent. [825 NYS2d 860]—Appeal from an order of the Supreme Court, Chautauqua County (John T. Ward, Jr., A.J.), entered August 18, 2005 in a medical malpractice and wrongful death action. The order granted the motion of defendant Thomas L. Greer, M.D. to dismiss the complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, the complaint against defendant Thomas L. Greer, M.D. is reinstated and the second affirmative defense insofar as it concerns that defendant is dismissed.

Memorandum: Plaintiff commenced this action to recover damages for the personal injuries sustained by Marilyn J. Noftsker and her wrongful death, which allegedly were caused by acts of medical malpractice on the part of defendants. We agree with plaintiff that Supreme Court erred in granting the motion of Thomas L. Greer, M.D. (defendant) seeking dismissal of the complaint against him on the ground of improper service of process. Defendant failed to move to dismiss the complaint against him on that ground within 60 days after having served an answer setting forth an objection to service and thus waived that objection (*see B.N. Realty Assoc. v Lichtenstein*, 21 AD3d 793, 796 [2005]; *Dimond v Verdon*, 5 AD3d 718, 719 [2004]; *Aretakis v Tarantino*, 300 AD2d 160 [2002]). We further agree with plaintiff that defendant did not demonstrate the requisite "undue hardship" to justify the extension of defendant's time for moving to dismiss the action on the ground of improper service (CPLR 3211 [e]; *see B.N. Realty Assoc.*, 21 AD3d at 796-797; *State Farm Fire & Cas. Co. v Firmstone*, 18 AD3d 900, 902 [2005]; *Worldcom, Inc. v Dialing Loving Care*, 269 AD2d 159 [2000]). Present—Hurlbutt, A.P.J., Kehoe, Smith and Green, JJ.