CARMEN BRITT, Individually and as Executor of LULA BAITY, Deceased, Appellant, v BUFFALO MUNICIPAL HOUSING AUTHORITY et al., Defendants, and GRACE MANOR HEALTH CARE FACILITY, INC., et al., Respondents. (Appeal No. 2.) [851 NYS2d 316]—Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered March 24, 2006. The order granted the motion of defendants Grace Manor Health Care Facility, Inc., David J. Gentner, Mary Stephan, Kathy Randall, and Tiffany Matthews to dismiss the complaint against them.

It is hereby ordered that the order so appealed from is unanimously reversed on the law with costs, the motion is denied, and the complaint against defendants Grace Manor Health Care Facility, Inc., David J. Gentner, Mary Stephan, Kathy Randall, and Tiffany Matthews is reinstated.

Memorandum: Plaintiff and the original coplaintiff, now plaintiff's decedent, commenced this action to recover damages for the alleged wrongful removal of decedent from her home and her unlawful confinement. We agree with plaintiff that Supreme Court erred in granting the motion of defendants-respondents (defendants) to dismiss the complaint against them on the ground of improper service of process. Defendants waived their objection to service of process by failing to move to dismiss the complaint on that ground within 60 days after serving their

answer setting forth an objection to service of process, and defendants failed to demonstrate undue hardship to justify an extension of their time to move for dismissal of the complaint on that ground (*see* CPLR 3211 [e]; *Woleben v Sutaria*, 34 AD3d 1295 [2006]; *Vandemark v Jaeger*, 267 AD2d 672 [1999]). "We consider plaintiff's contention despite the fact that it is raised for the first time on appeal inasmuch as defendants could not have opposed that contention by factual showings or legal countersteps before [the court]" (*Edwards v Siegel, Kelleher & Kahn*, 26 AD3d 789, 790 [2006] [internal quotation marks omitted]). Finally, we reject defendants' alternative ground for affirmance, for the reasons stated in our decision in *Britt v Buffalo Mun. Hous. Auth.* (43 AD3d 1443 [2007]). Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.