■ Nelson L. Reyes, Appellant, v Philip Albertson, Respondent. [878 NYS2d 623]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Giacomo, J.), dated March 24, 2008, which granted the defendant's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction, and denied his cross motion, inter alia, for an extension of time to serve the defendant and for an order authorizing expedient service.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the motion and substituting therefor a provision denying the motion as untimely, and (2) by deleting the provision thereof denying the cross motion on the merits and substituting therefor a provision denying the cross motion as academic; as so modified, the order is affirmed, with costs payable to the plaintiff.

Pursuant to CPLR 3211 (e), the defendant was required to move to dismiss the complaint for lack of proper service within 60 days following the service of the answer, unless an extension of time was warranted on the ground of undue hardship. Contrary to the defendant's contention, the motion to dismiss the complaint, made approximately 106 days after service of the answer, raising the defense of lack of personal jurisdiction, was untimely and was not supported by an adequate showing of undue hardship which prevented the making of the motion within the requisite statutory period (see e.g. Woleben v Sutaria, 34 AD3d 1295 [2006]; B.N. Realty Assoc. v Lichtenstein, 21 AD3d 793 [2005]; State Farm Fire & Cas. Co. v Firmstone, 18 AD3d 900 [2005]; Worldcom, Inc. v Dialing Loving Care, 269 AD2d 159 [2000]; Vandemark v Jaeger, 267 AD2d 672 [1999]). Accordingly, the jurisdictional objection was waived, and the court should have denied the motion (see Dimond v Verdon, 5 AD3d 718 [2004]; Thompson v Cuadrado, 277 AD2d 151 [2000]; Greenpoint Bank v Schiffer, 266 AD2d 262 [1999], cert denied 531 US 896 [2000]; Wade v Byung Yang Kim, 250 AD2d 323 [1998]). The defendant's contention that the service of the answer was unauthorized is improperly raised for the first time on appeal (see e.g. Gallagher v Gallagher, 51 AD3d 718 [2008]; Dudla v

*Dudla*, 304 AD2d 1009 [2003]; *Orellano v Samples Tire Equip. & Supply Corp.*, 110 AD2d 757 [1985]).

In view of the foregoing, the plaintiff's cross motion should have been denied as academic. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.