In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated March 15, 2013, which denied, in effect, as academic, its motion, inter alla, for summary judgment on the complaint, and granted the cross motion of the defendant John DeNoble, Jr., pursuant to CFLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
Ordered that the order is reversed, on the law, with costs, the cross motion of the defendant John DeNoble, Jr., pursuant to *950 CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction is denied, and the matter is remitted to the Supreme Court, Richmond County, for a determination on the merits of the plaintiffs motion, inter alla, for summary judgment on the complaint.
Pursuant to CPLR 3211 (e), the defendant John DeNoble, Jr. was required to move to dismiss the complaint for lack of proper service within 60 days following the service of his answer, unless an extension of time was warranted on the ground of undue hardship. DeNoble’s cross motion to dismiss the complaint insofar as asserted against him for lack of proper service was untimely, and was not supported by an adequate showing of undue hardship that prevented him from making the motion within the required 60-day period (see Reyes v Albertson, 62 AD3d 855 [2009]; Woleben v Sutaria, 34 AD3d 1295, 1296 [2006]; Worldcom, Inc. v Dialing Loving Care, 269 AD2d 159 [2000]; Vandemark v Jaeger, 267 AD2d 672 [1999]). Contrary to DeNoble’s contention, any delay by the plaintiff in prosecuting the action did not prevent him from making a timely motion to dismiss on the ground of improper service within the 60-day period. Since the record does not support a finding of undue hardship, DeNoble’s jurisdictional objection has been waived and his cross motion should have been denied (see Reyes v Albertson, 62 AD3d 855 [2009]; Dimond v Verdon, 5 AD3d 718 [2004]).
The Supreme Court denied, in effect, as academic, the plaintiff’s motion, inter alla, for summary judgment on the complaint. Under the circumstances, the matter is remitted to the Supreme Court, Richmond County, for a determination of the plaintiff’s motion on the merits (see Klein v St. Cyprian Props., Inc., 100 AD3d 711 [2012]; Hunter Sports Shooting Grounds, Inc. v Foley, 73 AD3d 702, 705 [2010]). Dillon, J.E, Hall, Austin and Duffy, JJ., concur.