Deutsche Bank Natl. Trust Co. v Acevedo (2018 NY Slip Op 00407)





Deutsche Bank Natl. Trust Co. v Acevedo


2018 NY Slip Op 00407


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-02863
 (Index No. 503781/13)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Juan Acevedo, respondent, et al., defendants.


Hinshaw & Culbertson LLP, New York, NY (Benjamin S. Noren and Schuyler B. Kraus of counsel), for appellant.
Henry Kohn, Brooklyn, NY, for respondent.



DECISION & ORDER
Appeal by the plaintiff from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated February 25, 2016. The order granted the motion of the defendant Juan Acevedo to restore to the calendar his prior motion to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction and to cancel the notice of pendency against the subject property, and thereupon, to grant the prior motion.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the prior motion of the defendant Juan Acevedo to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction and to cancel the notice of pendency against the subject property, and substituting therefor a provision denying the prior motion; as so modified, the order is affirmed, with costs.
The defendant Juan Acevedo (hereinafter the defendant) executed a note that was secured by a mortgage on residential property located in Brooklyn. Thereafter, the plaintiff, alleging that it was the successor in interest to the lender, commenced this action to foreclose the mortgage against the defendant, among others. Service of the summons and complaint allegedly was made on the defendant on July 26, 2013.
On August 26, 2014, the defendant served a verified answer with affirmative defenses and counterclaims, wherein he asserted, inter alia, the affirmative defense of lack of personal jurisdiction. By letter dated September 3, 2014, the plaintiff, appearing by its former attorneys, wrote to the defendant's attorney, stating that the verified answer with affirmative defenses and counterclaims was rejected as "excessively overdue and far beyond the time limits mandated by the law." Then, on September 24, 2014, the plaintiff, appearing by different attorneys, served a verified reply to the counterclaims.
In December 2014, more than 60 days after service of the defendant's verified answer with affirmative defenses and counterclaims, and more than 60 days after the plaintiff served the defendant with a verified reply to the counterclaims, the defendant moved to dismiss the complaint pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction based on improper service and to cancel the notice of pendency against the subject property. The plaintiff opposed the defendant's motion, arguing, among other things, that the defendant waived the defense of lack of personal jurisdiction based on improper service by failing to move for judgment on that ground within 60 days [*2]after serving the answer. This motion was marked off the calendar.
Subsequently, the defendant moved to restore his prior motion to the calendar, and thereupon, to grant the motion. The plaintiff opposed the motion, again arguing, inter alia, that the defendant waived this defense pursuant to CPLR 3211(e). The Supreme Court granted the defendant's motion. The plaintiff appeals.
Although the Supreme Court properly granted that branch of the defendant's motion which was to restore, the court should not have thereupon granted his prior motion.
"[A]n objection that the summons and complaint . . . was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship" (CPLR 3211[e]). Here, the defendant failed to move for judgment on the ground of lack of personal jurisdiction based on improper service within 60 days after his answer was served. Additionally, he failed to made an adequate showing of undue hardship that prevented the making of the motion within the requisite statutory period. Although the plaintiff, appearing by its former attorneys, wrote to the defendant's attorney, stating that the verified answer with affirmative defenses and counterclaims was rejected, this Court has indicated that a "purported rejection of the defendants' answer did not extend the 60-day time limit" (Dimond v Verdon, 5 AD3d 718, 719). Further, less than one month after the defendant's verified answer with affirmative defenses and counterclaims was served, the plaintiff's responsive pleading was served. Under these circumstances, the defendant waived his objection to personal jurisdiction based on improper service (see id. at 719; see also Warsowe Acquisition Corp. v DeNoble, 116 AD3d 949, 950; Reyes v Albertson, 62 AD3d 855, 855).
LEVENTHAL, J.P., AUSTIN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court