56 Bogart Street, LLC, Appellant, 
against
Jonathan J. Vandyke, Respondent.




McLoughlin O'Hara, LLP (F. Todd McLoughlin of counsel), for appellant.
Jonathan J. Vandyke, respondent pro se.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Richard Montelione, J.), entered July 18, 2016. The judgment, after a nonjury trial, dismissed the complaint and awarded defendant the principal sum of $1,680 upon his counterclaim.




ORDERED that the judgment is affirmed, without costs.
The complaint alleges that defendant, a commercial tenant who had entered into possession in 2006 and had vacated the premises in September 2014, failed to pay the last month's rent and damaged the premises, including by the making of alterations which had not been corrected at the time defendant had vacated the building. The complaint also seeks attorney's fees. Defendant's answer asserts that the premises had been received as "a bare shell," lacking electricity, sheetrock, lighting, functional windows, or ventilation; that defendant, who used the premises for artwork, made significant improvements to the space; that plaintiff was aware of the changes made and did not complain about them; that, following defendant's departure, the premises were renovated for use as an entirely different type of space; and that defendant paid the last month's rent as part of his security deposit. Defendant counterclaimed for $25,000. Following a nonjury trial, the Civil Court dismissed the complaint and awarded defendant the principal sum of $1,680, representing a portion of the security deposit, plus interest from the date of the termination of the lease.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
A review of the record supports the Civil Court's finding that plaintiff failed to prove its case by a preponderance of the evidence. Plaintiff's superintendent testified on cross-examination that he had no reason to believe that defendant had stayed beyond the end of his lease, and plaintiff failed to present evidence establishing what, if any, damages it had sustained or of any extra costs it had incurred in its conversion of the space after defendant's departure. The superintendent testified that the building was approximately 85 years old and had been a garment sewing factory prior to defendant's move into the space. Plaintiff did not introduce any photographs into evidence showing the condition of the premises prior to defendant's taking possession. Defendant's former cotenant testified that the premises had been in raw condition when they had moved in and that they had improved it, within the first couple of months of taking possession, by adding electricity and replacing rotting windows. Plaintiff's principal had visited the premises occasionally, and the superintendent had visited frequently, and both knew about the changes made to the space and the types of tools being used, and did not complain about either of these things. Defendant's studio assistant testified that, following defendant's departure, the space was renovated into two public gallery spaces, including "completely redo[ing]" the walls, ceiling and floor.
Plaintiff's assertion that it did not waive its right to object to defendant's alterations of the premises lacks merit. The general rule is that the acceptance of rent with knowledge of conduct violative of the lease constitutes a waiver by the landlord even if the lease contains a nonwaiver provision (see State Farm Fire & Cas. Co. v Firmstone, 9 AD3d 812 [2004]; Malloy v Club Marakesh, 71 AD2d 614 [1979]). It is undisputed that plaintiff's principal and superintendent were aware of the changes made by defendant and that the lease had been renewed several years after defendant had moved into the premises. Under these circumstances, plaintiff waived any right it may have had to object to the alterations made by defendant.
It is unrebutted that the security deposit tendered to plaintiff at the commencement of the lease term included rent for the last month and that defendant, therefore, had already paid plaintiff the rent for September 2014.
Pursuant to paragraph 19 of the lease, plaintiff is entitled to an award of reasonable attorney's fees in the event that it prevails in a legal proceeding against defendant. Here, where plaintiff is not entitled to an award for any contested item, it is not the prevailing party and is not entitled to attorney's fees (see generally DKR Mtge. Asset Trust I v Rivera, 130 AD3d 774, 776 [2015]).
Finally, the court did not improvidently exercise its discretion (see CPLR 5001 [a]) in awarding defendant interest, upon plaintiff's failure to return defendant's security deposit, from the date the lease had terminated, the "earliest ascertainable date the cause of action existed" (CPLR 5001 [b]).
Accordingly, the judgment is affirmed.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 29, 2018