Bulkan v Stepp's Towing Serv., Inc. (2018 NY Slip Op 07406)





Bulkan v Stepp's Towing Serv., Inc.


2018 NY Slip Op 07406


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2017-00090
 (Index No. 14649/15)

[*1]Jewel Bulkan, respondent, 
v
Stepp's Towing Service, Inc., et al., appellants.


Gerber, Ciano, Kelly & Brady, Garden City, NY (William G. Kelly and Michael Harris of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries and injury to property, the defendants appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated September 30, 2016. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Stepp's Towing Service, Inc., on the ground of lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The defendant Stepp's Towing Service, Inc. (hereinafter Stepp's Towing), served its answer to the complaint on April 26, 2016, asserting, inter alia, an affirmative defense based on lack of proper service. Pursuant to CPLR 3211(e), Stepp's Towing was required to move for judgment on that ground within 60 days after service of its answer, unless undue hardship prevented it from making the motion within that time (see Zucco v Antin, 257 AD2d 421, 422; see also Federici v Metropolis Night Club, Inc., 48 AD3d 741, 742). The 60-day period was not restarted upon Stepp's Towing's service of an amended answer on June 17, 2016 (see Zucco v Antin, 257 AD2d at 422).
Here, Stepp's Towing did not move to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction until August 10, 2016—well after the 60-day period had lapsed (see CPLR 3211[e]; Zucco v Antin, 257 AD2d at 422; see also Deutche Bank Nat'l Trust Co. v Acevedo, 157 AD3d 859, 861; Warsowe Acquisition Corp. v DeNoble, 116 AD3d 949, 950; Reyes v Albertson, 62 AD3d 855, 855; Federici v Metropolis Night Club, Inc., 48 AD3d at 742; Dimond v Verdon, 5 AD3d 718, 719). Moreover, Stepp's Towing failed to demonstrate that undue hardship prevented it from timely filing the motion (see Deutsche Bank Natl. Trust Co. v Acevedo, 157 AD3d at 861; Warsowe Acquisition Corp. v DeNoble, 116 AD3d at 950; Worldcom, Inc. v Dialing Loving Care , 269 AD2d 159, 159; Vandemark v Jaeger, 267 AD2d 672, 672).
Accordingly, Stepp's Towing waived its objection to personal jurisdiction based upon improper service of the summons and complaint, and that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Stepp's Towing on that ground was properly denied (see CPLR 3211[e]).
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court