Deutsche Bank Natl. Trust Co. v Jorgensen (2020 NY Slip Op 03894)





Deutsche Bank Natl. Trust Co. v Jorgensen


2020 NY Slip Op 03894


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2017-04593
2017-09083
 (Index No. 2149/08)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Eleanor Jorgensen, respondent, et al., defendants.


Leopold & Associates, PLLC (Blank Rome LLP, New York, NY [Jonathan M. Robbin and Jacquelyn A. DiCicco], of counsel), for appellant.
Angelo A. DiGangi, Richmond Hill, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered June 10, 2015, and (2) an order of the same court entered June 26, 2017. The order entered June 10, 2015, insofar as appealed from, after a hearing to determine the validity of service of process, granted the cross motion of the defendant Eleanor Jorgensen pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her, and denied, in effect, as academic, the plaintiff's motion, inter alia, for summary judgment on the complaint. The order entered June 26, 2017, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to reargue its opposition to that defendant's cross motion or, in the alternative, pursuant to CPLR 306-b to extend the time of service.
ORDERED that the appeal from so much of the order entered June 26, 2017, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered June 10, 2015, is reversed insofar as appealed from, on the law, the cross motion of the defendant Eleanor Jorgensen pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her is denied, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of the plaintiff's motion, inter alia, for summary judgment on the complaint; and it is further,
ORDERED that the order entered June 26, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On August 21, 2008, the plaintiff commenced this action to foreclose a mortgage executed by the defendant Eleanor Jorgensen (hereinafter the defendant). The defendant joined issue, raising, inter alia, an affirmative defense of lack of personal jurisdiction due to improper service of the summons and complaint.
In August 2010, the plaintiff moved, inter alia, for summary judgment on the complaint, and the defendant cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The plaintiff opposed the cross motion, inter alia, on the ground that it was untimely pursuant to CPLR 3211(e). By order dated October 18, 2010 (hereinafter the 2010 order), the Supreme Court directed a hearing to determine the validity of service of process and held the determination of the motion and cross motion in abeyance pending the outcome of the hearing. On June 10, 2015, following the hearing, the court entered an order, inter alia, granting the defendant's cross motion and, in effect, denying the plaintiff's motion as academic. The plaintiff appeals from those portions of the order, and from so much of an order entered June 26, 2017, as denied those branches of its motion which were for leave to reargue its opposition to the cross motion or, in the alternative, pursuant to CPLR 306-b to extend the time of service.
Pursuant to CPLR 3211(e), the defendant was required to move to dismiss the complaint for lack of proper service within 60 days following the service of her answer, in September 2008, unless an extension of time was warranted on the ground of undue hardship. Since the defendant did not move for that relief until August 25, 2010, when she cross-moved to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction on that ground, the cross motion was untimely (see CPLR 3211[e]). As the defendant failed to make a showing of undue hardship which prevented her from moving within the required 60-day period (see id.), "[the] jurisdictional objection [was] waived, and [the] cross motion should have been denied" (Warsowe Acquisition Corp. v DeNoble, 116 AD3d 949, 950; see U.S. Bank N.A. v Roque, 172 AD3d 948; Deutsche Bank Natl. Trust Co. v Acevedo, 157 AD3d 859; Reyes v Albertson, 62 AD3d 855).
Contrary to the defendant's contention, the order entered June 10, 2015, issued after the hearing, was the proper order to appeal from, not the 2010 order, which "merely directed a judicial hearing to aid in the disposition of a motion" (U.S. Bank N.A. v Roque, 172 AD3d at 950).
Under the circumstances presented, because the Supreme Court denied, in effect, as academic, the plaintiff's motion, inter alia, for summary judgment on the complaint, we remit the matter to the Supreme Court, Queens County, for a determination of the plaintiff's motion on the merits (see Warsowe Acquisition Corp. v DeNoble, 116 AD3d at 950).
Turning to the order entered June 26, 2017, the branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time of service should be denied as academic in light of our determination with respect to the order entered June 10, 2015. Accordingly, we affirm the order entered June 26, 2017, insofar as reviewed.
The parties' remaining contentions either are without merit, or need not be reached in light of our determination.
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court